**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

_____
                                              :
CARDIOLOGY CONSULTANTS OF    :
NORTH MORRIS,                             :
                                              :
        Plaintiff,             :    Civil Action No. 06-5557 (JAG)
                                              :
        v.                          :    **OPINION**
                                              :
UFCW LOCAL 464A HEALTH       :
REIMBURSEMENT WELFARE FUND, :
                                              :
        Defendant.           :
_____:

**GREENAWAY, JR., U.S.D.J.**

       This matter comes before this Court on the motion of Defendant UFCW Local 464A Health Reimbursement Welfare Fund ("Defendant") to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to FED. R. CIV. P. 12(b)(6), or alternatively, for summary judgment, pursuant to FED. R. CIV. P. 56. For the reasons set for below, Defendant's motion to dismiss will be granted, and Defendant's motion for summary judgment will be denied, as moot.

**I.  FACTUAL BACKGROUND**

       Plaintiff Cardiology Consultants of North Morris ("Plaintiff") filed the instant action for Defendant's alleged "failure to pay medical benefits pursuant to an employee benefit plan covered by the Employee Retirement Income Security Act of 1974 [("ERISA")]." (Compl. ¶ 1.)

1

Plaintiff alleges that from December 2003 through February 2004 it provided medical services and treatment to John Pappas ("Pappas"). (Id. at ¶ 13.) The costs relating to the services and treatment amount to $12,845. (Id.) Pappas "was covered under a medical benefit policy provided by [D]efendant" (id. at ¶ 9), and "assigned in writing all of his rights and benefits under the aforementioned employee group health benefit plan" (id. at ¶ 10). "[This] assignment authorized payment of medical benefits directly to Plaintiff." (Id.)

In late December 2003 through February 2004 Plaintiff submitted health insurance claims to Defendant for the services and treatments provided to Pappas. (Def.'s Br. in Supp. of Mot. to Dismiss Ex. C.)[1] Defendant allegedly "failed and refused and still fails and refuses to pay said sum or pay any part thereof to Plaintiff." (Comp. ¶ 16.) In March 2006, Plaintiff re-submitted the same claims to Defendant. (Def.'s Br. in Supp. of Mot. to Dismiss Ex. B.) Defendant denied the claims for being filed untimely. (Id.) Plaintiff claims that it "submitted these matters for reconsideration to Defendant . . . and that decision denying these claims was reaffirmed without recourse to further administrative review, which action exhausted Plaintiff's and patient's remedies under the health and welfare benefit trust's terms." (Compl. ¶ 18.) As such, Plaintiff requests a *de novo* judicial review of Defendant's denial, or alternatively, a determination that Defendant acted arbitrarily and capriciously in denying the claims. (Id. at ¶ 17.)

---

[1] As explained infra II, certain exhibits submitted with Defendant's Brief in Support of its Motion to Dismiss are explicitly relied upon in the Complaint. This Court will consider such documents in deciding the instant motion.

## II. STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965. "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340) (2d ed. 1990).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974 (abrogating Conley, 355 U.S. 41). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).

The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5B Charles Alan Wright & Arthur R. Miller,

Federal Practice & Procedure: Civil 2d § 1357 (3d ed. 2007). "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (emphasis in original) (quoting Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).[2] Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(b).[3]

### III. DISCUSSION

"A civil action may be brought (1) by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). "ERISA does not set out the standard of review . . . for actions challenging 'denial of benefits

---

[2] Defendant submitted, with its brief, a copy of the UFCW Local 464A Group Reimbursement Welfare Plan (the "Plan"), which is the subject of Plaintiff's Complaint, in addition to three letters concerning the denial of Plaintiff's claims, Plaintiff's request for review of the denial (the "appeal"), and the denial of Plaintiff's appeal. (See Def.'s Br. in Supp. of Mot. to Dismiss Exs. A, B, and D.) These documents are specifically relied upon in the Complaint. (See Compl. ¶¶ 1, 5, 9-11, 14, 16-18); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426 (quoting Shaw, 82 F.3d at 1120). This Court may, therefore, consider the Plan and the letters in deciding the pending motion.

[3] Defendant also submitted, with its brief, a Certification signed by Kathy Pridmore, Director of Medical Benefits for United Food and Commercial Workers Union, Local 464A Welfare Service Benefit Plan. (See Certification of Kathy Pridmore). This Court may not consider this document without converting the motion to dismiss into a motion for summary judgment. FED. R. CIV. P. 12(b). As discussed infra III and IV, this Court grants Defendant's motion to dismiss, and denied Defendant's motion for summary judgment, as moot. Therefore, this Court need not consider the Certification of Kathy Pridmore.

based on plan interpretations[,]'" pursuant to § 1132(a)(1)(B).  Marx v. Meridian Bancorp, Inc., 32 Fed. App'x 645, 648 (3d Cir. 2002) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 103 (1989)).  However, the Supreme Court of the United States has held that a court "should review denial of ERISA plan benefits under a *de novo* standard of review unless the benefit plan gives the administrator or fiduciary of the plan discretionary authority to determine benefits eligibility or construe the plan's terms."  Argant v. N. N.J. Teamsters Benefit Plan, No. 06-2332, 2007 U.S. Dist. LEXIS 38580, at *11-12 (D.N.J. May 29, 2007) (citing Bruch, 489 U.S. at 115).  "If the plan confers such discretion, the Court should apply a deferential 'arbitrary and capricious' standard."  Id. at 12 (citing Bruch, 489 U.S. at 111-12).  "Under the arbitrary and capricious standard, the Court must uphold the plan administrator's decision unless it was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'[4]  Id. (citing Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377, 392 (3d Cir. 2000)).  "The scope of review is narrow, and the court is not free to substitute its own judgment for that of the [administrator] in determining eligibility for plan benefits."  Id. (citing Mitchell v. Eastman Kodak Co., 113 F.3d 433, 439 (3d Cir. 1997); see also Garcia v. Fortis Benefits Ins. Co., No. 99-826, 2000 U.S. Dist. LEXIS 569, at *18 (E.D. Pa. 2000) (stating that "[t]he scope of review is narrow and this court is not free to substitute its own judgment for that of the plan administrator

---

[4] When an employer, or insurance company, "both determines eligibility for benefits under a plan and pays benefits out of its own funds, a court must review the denial of benefits under a 'somewhat heightened' arbitrary and capricious standard."  Way v. Ohio Cas. Ins. Co., No. 04-4418, 2005 U.S. Dist. LEXIS 33813, *12-13 (D.N.J. Dec. 16, 2005).  The UFCW Local 464A Group Reimbursement Welfare Plan "is financed by employer contributions made to the [Plan] on behalf of employees, and self-payments from Enrollees through COBRA."  (Def.'s Br. in Supp. of Mot. to Dismiss Ex. A at 3.)  Here, no conflict of interest exists because the Plan is funded and administered by different parties.  Therefore, this Court need not apply the heightened standard of review.

in determining eligibility for benefits."). "As applied to the interpretation and application of a provision of a[n employee benefits] plan, this standard requires that the decision 'should be upheld even if the court disagrees with it, so long as the interpretation is rationally related to a valid plan purpose and not contrary to the plain language of the plan.'" Garcia, 2000 U.S. Dist. LEXIS 569, at *18 (citing Moats v. United Mine Workers of Am. Health and Ret. Funds, 981 F.2d 685, 687-88 (3d Cir. 1992)).

"To determine the proper standard of review, [this Court] must begin with the language of the plan." Marx, 32 Fed. App'x at 649 (citing Luby v. Teamsters Health, Welfare & Pension Trust Funds, 944 F.2d 1176, 1180 (3d Cir. 1991)). The Plan provides that

> [t]he Joint Board of Trustees has full power and discretion to interpret the Plan and all documents, agreements, rules and regulations concerning the Plan, including, but not limited to, the eligibility of any person to participate in the Plan and his or her entitlement to Plan benefits. The Board's interpretations and decisions concerning these matters are final and conclusive, so long as they are made in good faith and are not arbitrary or capricious.

(Def.'s Br. in Supp. of Mot. to Dismiss Ex. A at 3.)

The language set forth in the Plan clearly gives the Joint Board of Trustees "discretionary authority to determine benefits eligibility or construe the plan's terms." Argant, 2007 U.S. Dist. LEXIS 38580, at *11-12; see also Marx, 32 Fed. App'x at 650 (stating that when the language of the Plan is clear on its face in granting discretionary authority to the Plan administrator or fiduciary, the court applies a deferential arbitrary and capricious standard of review). This Court will, therefore, apply the arbitrary and capricious standard of review.

Defendant's denial of benefits was not arbitrary or capricious. The Plan requires that "[a]ll claims [] be filed within 90 days following receipt of medical service, treatment or product

6

to which the claim relates." (Def.'s Br. in Supp. of Mot. to Dismiss Ex. A at 8.) The Plan provides an exception "[i]f it is not reasonably possible" for the claim to be filed within the 90 day requirement, however, also states that "[i]n no event (except if you are legally incapacitated) will a claim be accepted more than twelve (12) months after the date of receipt of the service, treatment or product to which the claim relates." (Id.)

Plaintiff filed the claims at issue in March 2006.[5] (Def.'s Br. in Supp. of Mot. to Dismiss Ex. B.) This is more than two years from the date that services and treatment were rendered to Pappas. (Compl. ¶ 4.) Plaintff does not allege legal incapacity as a reason for its delay. (See generally, Compl.) "As a result, Plaintiff's claim was untimely and properly denied pursuant to the provisions of the Plan." Grennell v. The UPS Health and Welfare Package, 390 F. Supp. 2d 932, 935 (C.D. Cal. 2005); see also Garcia, 2000 U.S. Dist. LEXIS 569 (stating that denial of claim untimely filed is not arbitrary and capricious); Hunter v. Lockheed Martin Corp., 73 Fed.

---

[5] Plaintiff argues in its letter brief that its re-submission of the claims in March 2006 should be considered as timely filed because "[P]laintiff never received any written denial from [Defendant]" until receiving the March 24, 2006 letter from Defendant's counsel. (Pl.'s Br. in Opp. to Def.'s Mot. to Dismiss 3.) However, this allegation is not stated anywhere in the Complaint, and it cannot be reasonably inferred from any allegation made therein. This Court will not consider Plaintiff's assertion. See City of Dallas v. Hall, No. 07-60, 2007 U.S. Dist. LEXIS 788847, at *32 (N.D. Tex. Oct. 24, 2007) (stating that "[f]actual allegations in a brief are not to be considered on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6)"); Jacobson v. Peat, Marwick, Mitchell & Co., 445 F. Supp. 518, 526 (S.D.N.Y. 1977) (stating that "a party is not entitled to amend his pleading through statements in his brief."); Sansom Comm. v. Lynn, 366 F. Supp. 1271, 1278 (E.D. Pa. 1973) ("The Court is faced here with a literal failure to state a claim. It would be unfair to defendants to make them infer all claims that could possibly arise from the law or facts set forth in the complaint. The proper means of raising claims that have inadvertantly not been raised in the complaint is an amended complaint, not a brief in opposition to a motion to dismiss. Plaintiff's claim will therefore be dismissed.") (emphasis added).

App'x 968 (9th Cir. 2003) (same).

## IV.  CONCLUSION

For the reasons stated above, Defendant UFCW Local 464A Health Reimbursement Welfare Fund's motion to dismiss is granted.  The Complaint is dismissed, without prejudice. Defendant's motion for summary judgment, sought in the alternative, is denied as moot.


Date: December 20, 2007

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.